**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

PEN-ONE ACQUISITION GROUP, LLC,

    Plaintiff,

vs.                                        CA 17-0180-KD-MU

SAMSUNG ELECTRONICS CO., LTD., et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

This action is before the undersigned for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), on the parties' joint motion to transfer this action to the Northern District of California (Doc. 29). Upon consideration of all relevant pleadings in this case, the undersigned recommends that the Court **GRANT** the parties' joint motion and transfer this action to the Northern District of California. The granting of the motion to transfer venue **MOOTS**,[1] and effectively disposes of,[2] Defendant Samsung Electronics America, Inc.'s (SEA's) motion to dismiss for improper venue (*see* Doc. 17).

---

[1] *Cf., e.g., Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.,* 928 F.Supp.2d 735, 741-42 (S.D.N.Y. 2013) (citing cases in which it is "sensible" and "prudentially appropriate" to address venue applications before reaching a challenge to personal jurisdiction).

[2] After all, in transferring venue to the Northern District of California as to SEA, in accordance with 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."), the parties and this Court recognize that venue is improper as to SEA in the Southern District of Alabama.

**FACTUAL BACKGROUND**

Plaintiff Pen-One Acquisition Group, LLC ("Pen-One") filed its complaint for patent infringement in this Court on April 25, 2017, against Defendants Samsung Electronics Co., Ltd ("SEC") and Samsung Electronics America, Inc. ("SEA"). In response, SEA filed a motion to dismiss for improper venue (Doc. 17) and SEC filed an answer (Doc. 18). The Court established a briefing schedule for SEA's motion to dismiss for improper venue (Doc. 22) and extended that schedule twice (*see* Docs. 26 & 28). On the date that Plaintiff's response to SEA's motion was finally due, September 29, 2017 (*see* Doc. 28), the parties filed the instant joint motion to transfer venue to the Northern District of California (Doc. 29). For the reasons that follow, the undersigned **RECOMMENDS** that this Court **GRANT** the joint motion to transfer venue of this action to the Northern District of California (Doc. 29).

**CONCLUSIONS OF LAW**

    **A.**    **Transfer of Venue as to SEA**.  In a patent infringement action, venue is proper "in the judicial district where the defendant resides, *or* where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis supplied). In *TC Heartland LLC v. Kraft Foods Group Brands LLC,* \_\_\_ U.S. \_\_\_, 137 S.Ct. 1514, 197 L.Ed.2d 816 (2017), the Supreme Court recently made clear that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *Id.* at \_\_\_ & \_\_\_, 137 S.Ct. at 1517 & 1520. And, here, because SEA's State of incorporation is New York (*compare* Doc.1, at ¶ 4 (averring that SEA "is a corporation organized and existing under the laws of the State of New York") *with* Doc. 17, Exhibit 1, Declaration of Sean Diaz, at ¶ 3

("SEA is a New York corporation . . . .")), SEA "resides" only in New York under § 1400(b), thereby making venue improper not only in this district but, as well, in the Northern District of California.

However, the patent venue statute also provides for an alternate place of proper venue, such that the pivotal question in this case becomes whether SEA "has committed acts of infringement and has a regular and established place of business" either in this district or in the Northern District of California. *See Ironburg Inventions Ltd. v. Valve Corp.,* 2017 WL 3307657, *3 (N.D. Ga. Aug. 3, 2017)[3] (after disposing of the issue of where the defendant "resides" under § 1400(b), in the wake of *TC Heartland*, the district court considered whether the defendant "has committed acts of infringement and has a regular and established place of business" in the Northern District of Georgia). It is at this juncture, of course, where the parties' joint motion to transfer venue comes into play, the parties agreeing therein, for purposes of this case only, that "venue for SEA is proper in NDCA under 28 U.S.C. § 1400(b) and that this case therefore could have been brought against SEA in NDCA." (Doc. 29, at 2.) Based upon the foregoing "agreement," it is clear to the undersigned that, for purposes of "properly laying venue," the parties have agreed that SEA "has committed acts of infringement and has a regular and established place of business" in the Northern District of California but not in the Southern District of Alabama. (*See id.*) "As a result, th[is] Court has the option to either dismiss the case [as to SEA] or transfer it to the [Northern

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

District of California]." *Ironburg Inventions Ltd., supra,* at *3; *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). In light of the parties' agreement that it is in the interest of justice to transfer this case against SEA to the Northern District of California (Doc. 29, at 2), the undersigned **RECOMMENDS** that the Court transfer the case against SEA to the Northern District of California, as that is a district in which the case against SEA could have been brought, *see* 28 U.S.C. § 1400(b).

B. **Transfer of Venue as to SEC**. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The standard for transfer under § 1404(a) gives broad discretion to the trial court, and a trial court's decision will be overturned only for abuse of discretion." *Microspherix LLC v. Biocompatibles, Inc.,* 2012 WL 243764, *1 (S.D. Fla. Jan. 25, 2012) (citations omitted).

> In determining the appropriateness of transfer, courts employ a two-step process. First, the district court is tasked with determining whether the action could have been pursued in the venue to which transfer is sought.[4] Second, the court assesses whether convenience and the interest of justice require transfer to the requested forum.

---

[4] In *Microspherix LLC, supra,* the district court observed that the 2011 amendment to § 1404(a) "permits district courts to transfer a civil action not only to a venue where the action could have been originally brought by the plaintiff, but also to a venue to which all parties have consented." *Id.* at *2 n.2. Despite this change, "[t]he question of whether to transfer venue is still a two-pronged inquiry, but the first prong is now disjunctive. Thus, the alternative venue must be one in which the action could originally have been brought by the plaintiff or one to which all parties have consented." *Id.*

4

*Stat Medical Devices, Inc. v. Intrinsyk, LLC,* 2015 WL 10960945, *4 (S.D. Fla. Dec. 1, 2015) (internal citations and quotation marks omitted; footnote added).

The first step of the two-step process is met here both because Pen-One and SEC have consented to venue in the Northern District of California (*see* Doc. 29, at 2) and because the parties have agreed (*see id.*) that this action could have originally been brought by Plaintiff against SEC, a foreign corporation organized under the laws of Korea (*see* Doc. 1, at ¶ 3), in the Northern District of California in accordance with 28 U.S.C. § 1391(c)(3) (recognizing for venue purposes that "a defendant not resident in the United States may be sued in any judicial district[.]"). *See EcoServices, LLC v. Certified Aviation Services, LLC,* 2016 WL 4433169, *1 (S.D. Fla. Aug. 22, 2016) (turning to the second step where the parties did not dispute that the action could have been brought in the "desired district of transfer."); *Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility LLC,* 2015 WL 12857478, *1 (S.D. Fla. Apr. 2, 2015) (finding first prong of the analysis met where plaintiff did not dispute that the case could have been brought in the desired district of transfer). And the second step is met because the parties are in agreement that, for the convenience of the parties and witnesses and in the interest of justice, the case against SEC should be transferred to the Northern District of California (*see* Doc. 29, at 2). *See Rothschild Storage Retrieval Innovations, LLC, supra,* at *2 (finding transfer inappropriate under the totality of circumstances but instructing the parties that if they "agree that transfer is more convenient for them based on the transfer of the other Patent cases to the Northern District of California the Parties should either dismiss the case and re-file in the

Northern District of California, *or file a joint motion to transfer venue*." (emphasis supplied)).

## CONCLUSION

In light of the foregoing, the undersigned **RECOMMENDS** that the parties' joint motion to transfer venue of this action to the Northern District of California (Doc. 29) be **GRANTED** and that this action be **TRANSFERRED IN ITS ENTIRETY** to the Northern District of California, in accordance with 28 U.S.C. §§ 1404(a) and 1406(a), a result which **MOOTS** (or otherwise disposes of) SEA's motion to dismiss for improper venue (Doc. 17).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is

made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 4th day of October, 2017.

                                             s/P. BRADLEY MURRAY
                                             **UNITED STATES MAGISTRATE JUDGE**